```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                    Civil No. 12-cv-436-LM

<u>One MacBook Air 11-inch,
Model A1370, serial number
C02FX0AYDJYD et al.</u>

**O R D E R**

The Government requests issuance of a summons and warrant of arrest in rem (doc. no. 1-3), pursuant to 18 U.S.C. § 981(a)(1)(C), which allows forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" certain enumerated offenses, including wire and mail fraud.

To support its request, the government also relies on Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Where the subject property is not real property, is not in the government's possession, custody or control, and is not subject to a judicial restraining order, Rule G(3)(b)(ii) provides that "the court - on finding probable cause - must issue a warrant to arrest the property . . . ." Thus, the rule requires the court to make a probable cause determination before issuing the

warrant.  In this case, the government has not included any factual background in the warrant request (doc. no. 1-3).  To determine whether probable cause exists, the court has reviewed the factual assertions in the verified complaint (doc. no. 1).

The complaint states that, over a year ago, an unnamed federal law enforcement agency, during an investigation, discovered the following:  (1) unknown suspects (2) claiming to represent two unnamed foreign companies (3) recruited at least six unnamed United States citizens ("victims") for a work-at-home job opportunity (4) in which victims paid for laptop computers with their personal credit cards, (5) shipped the computers to unidentified individuals in the Republic of Moldova, and (6) received "a deposit credited to their accounts" (7) which deposit was "reversed due to an unauthorized transaction."

There are no facts in the record that inform the court how the government came into possession of any of the factual information in the verified complaint or the reliability of the government's sources for such information.  Further, the government has failed to include facts sufficient to infer that the "unauthorized transaction" (a deposit credited to the victims' accounts which was later reversed) is tied to the fraud.  By way of example, there is no timeline of events and

there is no specificity regarding the nature of the accounts at issue, how/why the bank or other creditor that issued the credit later reversed the transaction, or how the victims received notice of the credit revocation.

To be clear, the court could make inferential assumptions to find probable cause that the laptops are tainted by wire or mail fraud, but the court believes the better course is for the government to provide more specificity in the verified complaint or in a supplemental affidavit to the warrant request. Accordingly, the court takes the summons and warrant in rem (doc. no. 1-3) under advisement and gives the government until December 3, 2012, to file supplemental documentation that contains more specificity.  If the government does not file any further documentation by that date, the court may recommend that the matter be dismissed without prejudice.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

November 19, 2012

cc:  Robert J. Rabuck, Esq.